' Care, J.
dissented—He said, This is a hill filed by Martin Drewry, to injoin a judgment which Mann obtained against John Dreiory and Martin as his appearance bail. The bill takes two grounds of relief: 1. that the order to dismiss the suit at law, given by Mann to the clerk, discharged the appearance bail; and 2. that there are set-offs to the full amount of the judgment. The chancellor perpetuated the injunction; he has not told us on which point. If we may conjecture, I should suppose it was that he considered the order of dismission a discharge; for he could hardly have perpetuated the injunction on the idea that nothing was due, without taking an account. It is not material, however, to enquire into this, as I consider both grounds equally untenable, and that this is a case, with which equity has nothing to do.
As to the discharge of the bail, it is settled by a long train of decisions, that in the case of bail, courts of law act upon the same principles with courts of equity: it is, indeed, emphatically called their equitable jurisdiction, Dickinson v. Sizer, 4 Rand. 113. and the cases cited: and it may be safely affirmed, that whatever will entitle bail to a discharge in equity, will avail him at law, if according to the rules of the law forum, he can make out his case; if not, that circumstance, to bn sure, may compel him to resort to equity. It is a rule equally well settled with the last, that wherever there is concurrent jurisdiction, and the one tribunal has possession of, or has tried the cause, the other will not interfere. Equity cannot correct the errors of a court of law, however gross. In the case before us, the question raised by the bail for his discharge, was fully heard at law by two courts, adjudged against him by the last, and that judgment acquiesced in. This can never be rejudged in equity.
*302 We are then to consider this, simply as the case of bail applying to be let into equity to shew discounts against a judgment at law; and we must not forget the rule we have so often enforced, that discounts are never to be first set up in equity, without a good excuse given for not offering them at law. Bail is surety; and if the plaintiff, without his assent, do any thing to change his situation, he is clear; but in the defence of the suit, he has no greater latitude, no greater equity, than the principal. By our law, the appearance bail, if the defendant do not appear, may defend the suit; but it must be on the same ground that would avail the defendant. If a party can shew, that material facts have come to his knowledge since the trial at law, which he could not by due diligence have possessed himself of before that trial, this, applied to discounts as well as to any other defence, will be considered a sufficient excuse to open the door of equity.
I understand two grounds to be taken‘on this point for the bail: 1. that the decision in his favor by the hustings court, prevented him from making defence there, on the ground of set-offs, which defence he could not make in the circuit court; and 2. that his total ignorance of his brother’s affairs disabled him from bringing forward the defence.
As to the first, I see nothing incompatible in the bail’s setting aside the office judgment and pleading payment, and before the same court, submitting a motion for his discharge as bail, on the ground of the order of dismission.- They were distinct matters of defence, but consistent. A plea on setting aside the office judgment, does not oblige the bail to abide by it forever. In Dunlops v. Laporte, 1 Hen. & Munf. 22. it was decided, that after appearance bail had pleaded to the action, the defendant might, at a subsequent term, appear, give the same person as special bail, plead, and go to trial: But suppose the bail excusable for depending solely upon his motion to be discharged, on what ground is it asserted, that he could not, after the decision of the circuit court have pleaded, and defended the suit on its merits ? I protest, I cannot conceive. It will be admitted, I presume, *303 that if the hustings court had overruled the motion for the discharge of the bail, he might then have pleaded to the action; and if so, had he not an equal right, when the circuit court overruled that motion, and set aside both the judgment of discharge and the judgment by default, in order to enter the proper judgment ? If the bail at that moment had said to the court, the law gives me a right to defend the action, but depending on my right of discharge, I have not pleaded; you have taken from me this shield; suffer me now to plead, and I have it in my power still to protect myself, by shewing discounts to the full amount of the debt: if this permission had been asked of the court, is it conceivable that it would have refused it? If it had, an exception would, I think, clearly have reversed its judgment. Even in England, where there is no statute giving the bail a right of defence, this would be granted. Thus, in Clarke v. Hoppe, 3 Taunt. 46. a motion was made to set aside proceedings against bail, on the ground that the principal defendant had been declared a bankrupt, and obtained his certificate, before the time of pleading, which if he had pleaded it would have been a complete defence, but he failed to do so; and it was contended, that the bail ought not to suffer by his negligence; but the court said, that in every case, the bail put themselves in hazard of suffering by the folly and negligence of their principal; that it is their business to watch proceedings <fcc. and it refused to permit the bail to avail themselves of the bankruptcy; but as the original judgment had gone by default, it suffered them to make up an issue to try the right, the bail piece in the meantime to stand as a security. I do not think then, that the ground of surprize will support the jurisdiction.
Then, 2ndly, as to the alleged ignorance of the bail of his brother’s affairs, disabling him from offering the set-offs at law. I do not think this ground made good by the circumstances proved in the cause; on the contrary, it seems to me wholly untenable upon the proofs. [The judge here went into an examination of the evidence, to shew that the bail had, or might have had, full knowledge of the defence of his *304 principal.] The cause was not tried in the hustings court, till more than'three months after the principal had absconded, and the trial in the circuit court was not till nearly two years afterwards: surely, this was time enough, with only tolerable diligence, for the bail to have gotten all the information he wanted with respect to set-offs.
í It seemed to be supposed, that because he was not the /principal debtor, but bail only, equity would be open to him, even without shewing an excuse for not making defence at law; but this court has more than once decided the contrary. Carter v. Cockrill, 2 Munf. 448. Brown v. Toell's adm'r, 5 Rand. 543. This last is a case exactly in point.
I think the decree should be reversed, and the bill dis-
Per. curiam. Decree reversed, and cause remanded, that an account may be taken &c.